IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MARGARETRETO WIMBERLEY, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:12-CV-166 (CDL) |
| ROY JONES, JR., ROY JONES, SR., | * |
| MICHAEL JORDAN, *et al.*, | |
| | * |
| Defendants. | |
| | * |

O R D E R

Plaintiff Margaretreto Wimberley ("Wimberley"), proceeding *pro se*, brings this action against a multitude of defendants including, among others, George W. Bush, Oprah Winfrey, the Spalding County Sheriff, several popular R&B artists, and every member of the Atlanta Braves, Falcons, Hawks and Thrashers (collectively, "Defendants"). The Complaint rambles for forty-two pages, alleging secret government surveillance, theft of "life supports," and an elaborate conspiracy to harm Wimberley. Compl., ECF No. 1. For the reasons set forth below, the Court dismisses the Complaint because this Court lacks subject matter jurisdiction over the claims.

DISCUSSION

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*,

363 F. App'x 11, 15 (11th Cir. 2010) (per curiam). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Walker*, 363 F. App'x at 16-17 (affirming *sua sponte* dismissal of case on the ground that the court lacked subject matter jurisdiction because the *pro se* plaintiff failed to allege an essential element of his federal claim). As discussed in more detail below, the Court finds that neither diversity jurisdiction nor federal question jurisdiction exists in this action.

## I.  Diversity Jurisdiction

The district courts of the United States have jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy is more than $75,000, not including interest and costs. 28 U.S.C. § 1332. "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). Wimberley alleges that she is a resident of Georgia. Compl. 2. Among many others, the Complaint names as a Defendant the sheriff of Spalding County, Georgia based in part on incidents that allegedly occurred in the Spalding County Jail. Compl. 3. Given that Wimberley and

2

the Spalding County Sheriff are both Georgia citizens, there is not complete diversity of citizenship between Wimberley and the Defendants, and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

**II.  Federal Question Jurisdiction**

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)).  An insubstantial question is one that is "obviously without merit."  *Id.*  Construing the Complaint liberally, it appears that Wimberley attempts to bring claims under 18 U.S.C. § 246; 3 U.S.C. § 411; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et seq.*; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. Compl. 12-13.  For the reasons set forth below, the Court finds that Wimberley's attempted federal claims are obviously without merit and fail to present a substantial question sufficient to invoke federal question jurisdiction.

    A.   <u>Claim under 18 U.S.C. § 246</u>

Wimberley states that Defendants violated her "rights under code 18 USC 246 Deprivation of relief-benefits."  Compl. 12.

3

18 U.S.C. § 246 is a criminal statute that provides no private right of action. *E.g., Shahin v. Darling*, 606 F. Supp. 2d 525, 531 n.7 (D. Del. 2009); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Therefore, Wimberley's attempted claim under 18 U.S.C. § 246 is obviously without merit.

### B. Claim under 3 U.S.C. § 411

Wimberley also alleges that Defendants violated "Sec 411 Rights." Compl. 13. The Court construes this allegation as a general claim under 3 U.S.C. § 411, which prohibits employment discrimination against covered employees of the executive branch. *See generally* 3 U.S.C. § 411. Wimberley did not allege that she is or was an employee of a unit of the executive branch, so her attempted claim under 3 U.S.C. § 411 is obviously without merit.

### C. Claim under Title VII

Wimberley further alleges that Defendants violated her right to "protection under Title VII of the Civil Right (*sic*) Act of 1964." Compl. 13. Under Title VII, it is unlawful for an employer to discriminate against its employees and applicants for employment based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). "Before suing under Title VII, a plaintiff must first exhaust her administrative remedies." *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). Wimberley did not allege that any Defendant was her

4

employer, and she did not allege who discriminated against her, how she was discriminated against, or that she exhausted her administrative remedies.  Her attempted Title VII claim is obviously without merit.

D.   Claim under the Rehabilitation Act

Wimberley also alleges that Defendants violated the "[R]ehabilitation Act of 1973." Compl. 13.  The Rehabilitation Act "prohibits discrimination against handicapped persons in any program or activity receiving federal financial assistance." *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 599 (1986).  Beyond stating that Defendants violated the Rehabilitation Act, Wimberley fails to allege either that she is disabled or that a program receiving federal financial assistance discriminated against her because of a disability.[1] Her Rehabilitation Act claim is obviously without merit.

E.   Claim under the ADA

Finally, Wimberley alleges that Defendants violated "Title I of the American Disabilities Ac (*sic*) 1990." Compl. 13. Title I of the ADA prohibits employers from discriminating against qualified individuals with disabilities because of the disability.  Americans with Disabilities Act of 1990 §§ 101-108,

---

[1] The only portion of the Complaint that mentions any disability states: "they . . . discriminated against me using hate crime and lies also cause me to lose profit and loss of reputation because I supposedly show my teeth which they claim is a disability.  And discriminated of me being disable that they cause, because it cause me to be overly wealthy (*sic*)." Compl. 12.

5

Pub. L. No. 101-336, 104 Stat. 327 (codified as amended at 42 U.S.C. § 12111-12117). As with Title VII, "[p]laintiffs proceeding under the ADA must comply with . . . the duty to exhaust administrative remedies." *EEOC v. Summer Classics, Inc.*, No. 11-14541, 2012 WL 2094333, at *1 (11th Cir. June 12, 2012) (per curiam). Wimberley did not allege that she is a qualified individual with a disability, she did not allege that she was an employee of any of the Defendants, and she did not make any factual allegations regarding how she was discriminated against because of a disability. She also did not allege that she exhausted her administrative remedies. For all of these reasons, Wimberley's attempted ADA claim is obviously without merit.

## CONCLUSION

For the reasons set forth above, the Court finds that neither diversity jurisdiction nor federal question jurisdiction exists in this action. Therefore, the Court dismisses Wimberley's Complaint (ECF No. 1) for a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). All of Wimberley's pending motions are now moot.

IT IS SO ORDERED, this 30th day of July, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE